**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 95-CR-142

MIGUEL N. GARCIA,

        Defendant.

---

## ORDER

On August 11, 2008, Miguel Garcia filed a motion pursuant to Fed. R. Civ. P. 60(b)(4) & (6) seeking a reduction in his sentence for cocaine distribution from 360 months to 210 months. In support of his motion Garcia states that the court improperly classified him as a career offender which resulted in the 360 month sentence.

Fed. R. Civ P. 60(b)(4)&(6) state that "the court may relieve a party . . . from a final judgment" if "the judgment is void" or "for any other reason that justifies relief." However, where the judgment from which the party seeking relief is a prison sentence imposed in a criminal proceeding, the motion must be brought pursuant to 28 U.S.C. § 2255. It is readily apparent that the reason Garcia brought his motion under Rule 60(b) instead of section 2255 is because section 2255(f) limits motions under section 2255 to those filed within one year from the date on which the judgment of conviction became final.

At the same time, the law is quite clear on how such end-runs are to be treated. Indeed, the Seventh Circuit has stated that the "fact that [a prisoner] labeled his motion as a request for relief under civil Rule 60(b) rather than section 2255 is immaterial; it is the substance of the petitioner's motion that controls how his request for relief shall be treated." *U.S. v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). To be sure, "any post-

judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *Id.* (citing *United States v. Evans* 224 F.3d 670, 672 (7th Cir. 2000).  Clearly, Garcia's motion falls within the provisions of the first paragraph of section 2255 which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255(a).  Therefore "although styled as a motion invoking Rule 60(b)[(4) & (6)], [Garcia's] motion is properly construed as a request for relief pursuant to section 2255." *Carraway*, 478 F.3d at 849.  As the statute of limitations has long since expired for Garcia to bring a § 2255 motion, this court is obliged to deny his motion.

Accordingly,

**IT IS ORDERED** that Miguel Garcia's Motion Pursuant to Rule 60(b) of Federal Rules of Civil Procedure be and the same is hereby denied.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge