**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 95-CR-142

MIGUEL N. GARCIA,

        Defendant.

## ORDER

On August 11, 2008, Miguel Garcia filed a Motion Pursuant to Fed. R. Civ. P. 60(b)(4) & (6), requesting this court to reduce his prison sentence for cocaine distribution (imposed on December 20, 1995) from 360 months to 210 months. Garcia alleged that the court improperly classified Garcia as a "career offender," which resulted in a five level increase in his Base Offense Level from 32 to 37, which thus resulted in the court imposing too lengthy a sentence on him. The court, in its Order dated October 27, 2008, explained that, regardless of what Garcia's motion was titled, "any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *U.S. v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). Because Garcia's motion was filed far beyond the one-year statute of limitations for 28 U.S.C. § 2255 claims, the court denied his motion as untimely.

On November 20, 2009, Garcia filed a motion (which he titled "Motion for the court to issue a Certificate of Appealability") in which he argues that he should be permitted to file a § 2255 motion, despite the statute of limitations, because the basis for the relief he seeks stems from a recent and retroactive change to the law. Garcia claims that when this court sentenced him in 1995, he was found to be a "career offender" because, in part, he had two prior sentences. According to Garcia, those two priors were from a 1972 conviction and a 1977 conviction, both of which were consolidated for sentencing at the 1977 sentencing. Garcia states that the sentence for the 1972 conviction was not only imposed on the same day as the 1977 sentence, but was also ordered to run concurrent to the sentence imposed for the 1977 conviction. Despite this, under the sentencing guidelines in place at the time Garcia was sentenced in the instant case (in 1995), the 1972 conviction and 1977 conviction would (and did) count as separate sentences.

However, Amendment 709 to the United States Sentencing Guidelines, which took effect in 2007, changed the manner by which "prior sentences" were counted for purposes of determining whether an individual was a "career offender." U.S.S.G. § 4A1.2(a)(2), Supp. to App. C 235 (2008) (Amendment 709). Under Amendment 709, sentences that were imposed on the same day are typically treated as a single sentence, not separate sentences. Garcia argues that since his two predicate sentences (the 1972 sentence and the 1977 sentence) were imposed on the same day, they constitute a single sentence, and thus the court was mistaken to deem him a career offender.

2

Garcia's argument fails for several reasons. First, a review Garcia's presence report from his 1995 conviction shows that he was not, as he claims, sentenced in 1977 for his 1972 conviction. He was sentenced on June 30, 1972, for his 1972 conviction. He was paroled on September 6, 1974; he had 1,379 days still owing on his sentence. He was sentenced for the 1977 conviction on October 12, 1977. If part of that latter sentence included all or a portion of the unserved period remaining from his 1972 conviction, that does not mean that he was sentenced for the 1972 conviction in 1977. Thus, his sentences were not imposed on the same day.

Second, U.S.S.G. § 4A1.2(a)(2) states that: "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Garcia was arrested for the 1972 offense on September 21, 1971, which was well before April 4, 1977 – the date on which he committed the 1977 offense. Thus, even if he was sentenced on the same date for the 1972 offense and the 1977 offense, Garcia would have no relief.

Third, Amendment 709 (which did not take effect until twelve years after Garcia was sentenced) does not apply retroactively. *U.S. v. Kelly*, 2009 WL 3805884, 1 (7th Cir. 2009). While it is true that at least one district court judge has applied Amendment 709 retroactively, see *U.S. v. Horn*, 590 F. Supp. 2d 976, 981 (M.D. Tenn. 2008), the fact is that the Seventh Circuit has made it very clear – as have most appellate courts – that Amendment 709 is not to be applied retroactively.

3

*See U.S. v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009) (rejecting notion that Amendment 709 may be applied retroactively). Thus, regardless of whether Garcia was sentenced on the same day for both offenses, and regardless of whether there was an intervening arrest or not, Amendment 709 is not available to relieve Garcia from the career-offender sentence imposed upon him.

Accordingly,

**IT IS ORDERED** that Garcia's Motion for the court to issue a Certificate of Appealability (Docket #163) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge