# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 95-CR-142
                                            (10-CV-114)

MIGUEL N. GARCIA,

        Defendant.

_____

## ORDER

On April 5, 2010, Miguel Garcia ("Garcia") filed a motion requesting that the court consider resentencing him for several reasons. (Docket #173). In its May 20, 2010 order (Docket #174), the court noted it had addressed many of Garcia's reasons in Case 10-CV-114, Docket ##'s 2, 5. However, the court construed the filing in Case 95-CR-142 (Docket #173) as a request that Garcia be resentenced based on the retroactive application of *U.S. v. Corner*, 598 F.3d 411 (7th Cir. 2010), and directed the government to file a formal response. Before the government filed its response, Garcia filed yet another motion for reduction of sentence under 18 U.S.C. §3582(c)(2), based upon Amendment 506 to the Sentencing Guidelines. (Docket #175). The government responded to both of Garcia's motions in its July 29, 2010 response. (Docket #176). The court will now rule on Garcia's motions.

## BACKGROUND

Garcia was convicted after a jury trial of two drug trafficking counts: conspiracy to possess with intent to distribute more than five kilograms of cocaine,

in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One), and attempted possession with intent to distribute four kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

In December of 1995, this court conducted a sentencing hearing and determined, among other things, that Garcia was a career offender under U.S.S.G. § 4B1.1.  On December 20, 1995, this court imposed a sentence on Garcia of 360 months for Count One and a concurrent 240-month sentence for Count Three. Garcia appealed and challenged the court's career offender determination. Garcia's two predicate career offender convictions were a 1972 federal court drug trafficking conviction, and a 1977 State of Michigan drug trafficking conviction. Because of the 1977 conviction, Garcia's federal parole on the 1972 conviction was revoked in 1978. Before the Seventh Circuit, Garcia argued that the delay in revoking his parole caused the federal conviction to fall within the 15-year window under § 4B1.1.  He contended that if the government had moved more quickly in revoking his parole, the 1972 conviction would not have counted under § 4B1.1 and he would not have been a career offender. The Seventh Circuit affirmed his conviction and sentence, rejecting his challenge to his status as a career offender, as well as rejecting his other claims, including a challenge to this court's seven-kilogram powder cocaine relevant conduct determination. *United States v. Garcia*, 89 F.3d 362 (7th Cir. 1996).

Garcia continued challenging his federal conviction by filing a motion under 28 U.S.C. §2255.  The court dismissed the motion and the Court of Appeals rejected

Garcia's attempt to appeal that decision. The court will now rule on Garcia's most recent motions.

## DISCUSSION

**A.    Reduction of Sentence in Light of *United States v. Corner***

In *United States v. Corner*, the Seventh Circuit overruled a series of decisions that had held that district courts had no discretion to deviate from the Sentencing Guidelines ("Guidelines") based on the § 4B1.1 career offender enhancement. *United States v. Corner,* 598 F.3d 411 (7th Cir. 2010). The Seventh Circuit noted that even Guidelines promulgated because of or based upon Congressional action, such as the career offender provision, are advisory. *Corner*, 598 F.3d at 415-16. Therefore, a sentencing judge may disagree with or deviate from the career offender provision of the Sentencing Guidelines on policy grounds, including policy grounds related to the crack/powder disparity found in the Guidelines and in statutory penalties for drug offenses. *Id.*; *United States v. Womack*, – F.3d –, 2010 WL 2541181, at *4-5 (7th Cir. June 25, 2010).

Here, the issue before the court is whether *Corner* retroactively applies such that Garcia may benefit from its ruling. First, it is worth noting that federal statute 18 U.S.C. § 3582(c)(2), to which Garcia refers in his motion, confers jurisdiction on a sentencing court to reduce a defendant's sentence only in certain instances. However, for that section to apply, Garcia must point to a retroactive amendment to the Sentencing Guidelines which would reduce his Guidelines range. *See* 28 U.S.C.

§ 994(o). Garcia has failed to do that, thus, he cannot claim retroactive application based upon § 3582(c)(2).

The Seventh Circuit has not directly ruled on whether *Corner* should be given retroactive effect. However, the Seventh Circuit has held that the Supreme Court's ruling in *United States v. Booker,* 543 U.S. 220 (2005) (holding that the Sentencing Guidelines are advisory), does not apply retroactively to criminal cases that became final before its release in January 2005. *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Because *Corner* appears to be merely an extension or clarification of *Booker*, it follows that this decision also would not apply retroactively to criminal cases that became final before its release in March of 2010. Garcia's case became final well before March 2010 and, therefore, the court concludes he may not receive the benefit of this ruling.

Moreover, typically, only if the Supreme Court gives retroactive effect to one of its decisions, may a defendant whose conviction and sentence have become final, benefit from that decision. *See Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002). Even then, retroactive effect is generally given only to substantive changes in the law. *Schriro v. Summerlin*, 542 U.S. 348 (2004) (holding that new substantive rules are those that alter "the range of conduct or the class of persons that the law punishes"). Procedural changes in the law are rarely applied retroactively, and only if the decision establishes "one of those rare 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'"

*McReynolds v. United States*, 397 F.3d at 481 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, at 2522 (2004).

The court finds that *Corner* should be characterized as a procedural decision because no primary conduct was made unlawful and none of the factors that affect sentences under the Sentencing Guidelines were declared unlawful. *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). The *Corner* decision does not dramatically change the way a defendant's sentence would be determined. Indeed, the decision merely gives judges more flexibility in applying the guideline system. *See McReynolds*, 397 F.3d at 481. Thus, *Corner* cannot be characterized as a "watershed" change that would fundamentally improve the accuracy of criminal proceedings. As such, the court again concludes that *Corner* does not apply retroactively to criminal cases that became final before its release. Therefore, because Garcia's criminal case became final well before *Corner* was released in March of 2010, he may not receive the benefit of that ruling.

**B.    Sentence Reduction in Light of Amendment 506**

In his July 15, 2010 motion (Docket #175), Garcia requests a sentence reduction under 18 U.S.C. § 3582©) based on Amendment 506, which amended the commentary to the career offender provision by redefining "offense statutory maximum." At the time Amendment 506 was adopted in November of 1994, career offenders were required to be sentenced under 28 U.S.C. § 994(h) "at or near the maximum term authorized for" the offense. According to Amendment 506 to the

Sentencing Guidelines, this meant the maximum for the "base" offense, rather than the maximum after considering enhancements for the gravity of the crime or the defendant's prior convictions. However, the Seventh Circuit held, in *United States v. Hernandez,* 79 F.3d 584 (7th Cir.1996), that Amendment 506 misinterpreted § 994(h) and that "maximum term" means the highest statutory maximum after including all enhancements. Garcia's sentence was imposed in December of 1995, one year after Amendment 506 became effective, but before *Hernandez* was decided. Although Garcia's Pre-Sentence Report reflects that the 1994 Guidelines book was used, it appears that Amendment 506 was not applied. Because Amendment 506 has been ruled invalid by the Seventh Circuit, Garcia cannot now, almost fifteen years later, argue that Amendment 506 should have been applied to his case. This is especially so because Garcia does not contend that he learned about Amendment 506 before committing his crime – making it unnecessary to discuss "how (if at all) reasonable reliance on an invalid administrative regulation would affect a criminal sentence under the Guidelines." *United States v. Rice*, 116 F.3d 267, 268 (7th Cir. 1997). Therefore, the court rejects Garcia's request for a reduction of sentence based on Amendment 506.

Accordingly,

**IT IS ORDERED** that defendant's motions for Retroactive Application of Sentencing Guidelines (Docket #173) and (Docket #175) be and the same are hereby **DENIED;**

**IT IS FURTHER ORDERED** that defendant's Motion for Recusal (Docket #172) be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that defendant's Motion for Order Finding the Prosecutor in Default (Docket #178) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 12th day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge