UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.

MIGUEL GARCIA,

           Defendant.

Case No. 95-CR-142-2-JPS

**ORDER**

      Defendant Miguel Garcia comes before the Court having served 296 months on a 360-month term of imprisonment. He was sentenced on two charges related to the possession and distribution of cocaine, having been deemed a "career offender" due, in part, to a conviction from 1971. Mr. Garcia is now 81 years old. He suffers from severe and critical health conditions. He is not a risk to the community. He has family who will welcome him home.

      Mr. Garcia's ailing condition would have been reason enough to grant him compassionate release. However, the devastating effects that COVID-19 is expected to have on prisoners makes Mr. Garcia's release all the more urgent. While the Court would typically hold a hearing on such a motion, the current global health crisis makes such a course of action imprudent. The Court has provided the defendant, the government, and the probation office with the opportunity to be heard on the subject, and is satisfied that the issue can be resolved on the parties' written submissions.

      The Court may consider a defendant's motion to reduce a term of imprisonment after he has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A). The Court may reduce a sentence if it determines

that extraordinary and compelling reasons exist and the reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the relevant policy statements issued by the Sentencing Commission. *Id.* The sentencing guidelines that govern earlier versions Section 3582(c)(1)(A) advise that extraordinary and compelling reasons for a sentence reduction exist when "the defendant (i) is at least 65 years old; (ii) is experiencing a serious physical or mental deterioration because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1(B).

Mr. Garcia exhausted his administrative remedies on October 26, 2018, when the Bureau of Prison's Office of General Counsel denied his petition. (Docket #190-1 at 1–2); 28 C.F.R. § 571.63(b) (explaining that "[w]hen an inmate's request for [compassionate release] is denied by the General Counsel. .. [t]his denial constitutes a final administrative decision," which cannot be appealed). The government's concern that the motion is not exhausted is therefore without merit. Mr. Garcia's motion is properly before the Court. The Court now turns to whether there are extraordinary and compelling circumstances that warrant a reduction in sentence.

There is no dispute that Mr. Garcia meets the first and third criteria of the sentencing guidelines—he is over 65 years of age and he has served at least ten years of his sentence. U.S.S.G. § 1B1.13 cmt. n.1(B). However, Mr. Garcia's petition was denied because the BOP determined that he had not experienced "deteriorating mental or physical health that substantially diminishes his ability to function in a correctional facility," as required by the second criteria. (Docket #190-1 at 1–2).

The BOP came to this conclusion despite the following facts, which they acknowledge: Mr. Garcia requires a cane to walk, he has confirmed

diagnoses of anemia, hyperlipidemia, hypertension, leukocytopenia, hypertensive retinopathy, abdominal aneurysm, and dementia, and he requires assistance to perform basic tasks, albeit "minimal assistance." *Id.* Mr. Garcia describes a situation in which his fellow prisoners take care of him: they organize his personal effects, help him open his locker, remind him to go to appointments, and help him finish his work. (Docket #190 at 1).

In the BOP's estimation, Mr. Garcia has not deteriorated *enough* to warrant compassionate release. The BOP's conclusion is merciless, and the Court is certainly not bound by it. *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *12 (M.D.N.C. June 28, 2019) ("BOP's conclusion that [the defendant's] condition is not severe enough to warrant release is entitled to little, if any, deference."). Moreover, when the Court considers Mr. Garcia's health conditions in light of the COVID-19 pandemic, it becomes clear that extraordinary and compelling circumstances exist to reduce his sentence.

Having determined that extraordinary and compelling reasons warrant a sentence reduction, the Court will now assess the appropriate sentence in light of the factors set forth in 18 U.S.C. § 3553(a), which include the nature of the offense, the characteristics of the defendant, the need for the sentence imposed, and the type of sentence imposed. The Court may consider the defendant's post-offense conduct and other, later developments in order to determine whether a defendant is likely to engage in future criminal conduct. *Pepper v. United States*, 562 U.S. 476, 491–93 (2011).

Mr. Garcia committed two non-violent drug offenses over 25 years ago. He has spent nearly a quarter of a century in prison, and for the last

eighteen years he has had a clean prison record. In that time, he has lost his health, his mobility, and his cognitive functioning. The likelihood that Mr. Garcia will commit another crime is very low. He is not a danger to society. Under the circumstances, prison is a danger to him. Therefore, the Court determines that a sentence of time served and five years of supervised release is fair, just, and reasonable. Since the parties have not addressed the outstanding fine, that will remain, as well.

Accordingly,

**IT IS ORDERED** that Defendant's motions to reduce sentence (Docket #189, #190) be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Miguel Garcia's sentence is reduced to "time served";

**IT IS FURTHER ORDERED** that Defendant's motion to appoint counsel (Docket #191) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the U.S. Marshal take all steps necessary to immediately release Miguel Garcia from incarceration pursuant to the judgment, which is forthcoming.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge